| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR, | Case No.: 1:17-cv-01769-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS DUE TO ELEVENTH AMENDMENT IMMUNITY |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | [ECF No. 1] |

## I.

## INTRODUCTION

Plaintiff Claude Carr, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on December 29, 2017. (ECF No. 1.) On January 11, 2018, Plaintiff declined to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 302, and this matter was assigned to United States District Judge Dale A. Drozd and Magistrate Judge Gary S. Austin. (ECF Nos. 8, 9.)

On May 2, 2018, by order of Chief Judge Lawrence J. O'Neill, this matter was reassigned from Magistrate Judge Gary S. Austin to the undersigned, due to the equitable division and efficient and economical determination of court business. (ECF No. 10.)

Plaintiff's complaint, filed on December 29, 2017, is currently before the Court for screening.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

The events at issue occurred when Plaintiff was housed at the Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names as defendants (1) the California Department of Corrections and Rehabilitation; (2) the Prison Industry Authority; and (3) Ted Pruitt, a supervisor at the Prison Industry Authority.

Plaintiff alleges that on June 21, 2016, while he was performing his job as a waste manager in the Prison Industry Authority food and beverage shop, supervisor Ted Pruitt compelled Plaintiff to manual lift and stack bags of compacted plastic weighing between 90 to 150 pounds onto pallets without the aid of compacting machinery. Plaintiff performed under threat of discipline and termination. This violated state and federal guidelines, laws, policies, regulations and practices and procedures for maintaining a safe working environment. As a result, Plaintiff sustained injuries to his back, neck, and genital areas, requiring ongoing medical treatment, and continued severe pain, suffering and discomfort.

Plaintiff seeks punitive and compensatory damages against all defendants.

## IV.

## DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff names the California Department of Corrections and Rehabilitation, a state agency, as a defendant. Plaintiff also names as a defendant the Prison Industry Authority, sometimes known as "CALPIA" or "PIA," which is an entity within the California Department of Corrections and Rehabilitation that employs prisoners in agricultural and industrial positions. Cal. Gov't Code §§ 12838(a), 12838.6 (West 2007); Cal. Penal Code §§ 2701, 2805 (West 2007).

The Eleventh Amendment erects a general bar against federal lawsuits brought against the state, including state agencies. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief, Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff cannot bring a claim in this action against the California Department of Corrections and Rehabilitation, or the Prison Industry Authority.

### B. Eighth Amendment Deliberate Indifference

The remaining allegations at issue concerning Plaintiff's claim against supervisor Ted Pruitt for deliberate indifference to his safety in violation of the Eighth Amendment.

The Eighth Amendment protects prisoners from inhumane conditions of confinement as well as inhumane methods of punishment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). The prohibition against cruel and unusual punishment applies to all conditions within a prison, including work programs, medical care, housing facilities, security measures, etc. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 344–47 (1981). To be actionable, a prison official's conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wilson v. Seiter, 501 U.S. 294, 298–99 (1991) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock"). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer v. Brennan, 511 U.S. 825, 835–36 & n. 4 (1994); Toguchi v. Chung, 391 F.3d 1051, 1057(9th Cir. 2004).

An unsafe workplace alone does not equal a per se violation of the Eighth Amendment. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir.1996). In the context of prisoner working conditions, the Eighth Amendment is implicated only when a prisoner alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain." Morgan, 465 F.3d at 1045, quoting Berry v. Bunnell, 39 F.3d 1056 (9th Cir. 1994). Prison officials are liable for a prisoner's workplace injury only if they were deliberately indifferent to a substantial risk of serious harm. Farmer, 511 U.S. at 837 ("the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference"); see Wilson, 501 U.S. at 298–99, 302–03 (the official must actually know of the risk yet fail to take reasonable measures to ensure the prisoner's safety); see also LeMaire v. Mass, 12 F.3d 1444 (9th Cir. 1993). Even "[i]f a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Farmer, 511 U.S. at 834.

Although a prison official's conduct need not have been undertaken for the purpose of causing an inmate harm before it violates the constitution, a "sufficiently culpable state of mind" requires that

4

the conduct involve more than mere negligence. Id. at 837, 847 (nothing less than recklessness in the criminal sense, that is, subjective disregard of a risk of harm of which the actor is actually aware, satisfies the "deliberate indifference" element of an Eighth Amendment claim). If the risk of harm was obvious, the trier of fact may infer that a defendant knew of the risk, but obviousness per se will not impart knowledge as a matter of law. Id. at 840–42.

In this case, Plaintiff alleges that his work assignment required compacting machinery to be properly performed according to prevailing safety standards and practices, as well as due to the obvious dangers of requiring a person to manually compact, lift, and stack bags of compacted plastic weighing between 90 to 150 pounds each. Nevertheless, Defendant Pruitt threatened Plaintiff with discipline or termination if he did not manually perform this work, as the required machinery had not been properly maintained and was not in operating condition. This resulted in severe pain and injuries to Plaintiff. Liberally construed, the Court finds these allegations sufficient to Defendant Pruitt was deliberately indifferent to a substantial risk of serious harm to Plaintiff.

## V.

## RECOMMENDATION

For the reasons explained, the Court finds that Plaintiff has stated a claim for deliberate indifference in violation of the Eighth Amendment against Defendant Pruitt. However, Plaintiff has failed to state a claim against the California Department of Corrections and Rehabilitation and against California Prison Industry Authority, because the claim is barred by the Eleventh Amendment. Further amendment would be futile, as such a deficiency cannot be cured. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint against Defendant Pruitt for deliberate indifference in violation of the Eighth Amendment; and

2. Plaintiff's claims against the California Department of Corrections and Rehabilitation and against the Prison Industry Authority be dismissed as barred by the Eleventh Amendment.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 7, 2018**

UNITED STATES MAGISTRATE JUDGE