# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR,<br><br>        Plaintiff,<br><br>    v.<br><br>TED PRUITT,<br><br>        Defendant. | Case No. 1:17-cv-01769-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(ECF Nos. 23, 26)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## INTRODUCTION

Claude Carr ("Plaintiff") is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 4, 2018, the Court granted Plaintiff's application to proceed *in forma pauperis* in this action. (ECF No. 7.) Plaintiff's complaint was screened and a findings and recommendations issued on May 7, 2018, recommending dismissing certain defendants due to Eleventh Amendment immunity. (ECF No. 11.) On August 6, 2018, the findings and recommendations was adopted. (ECF No. 14.) The California Department of Corrections and the Prison Industry Authority were dismissed and this action is proceeding on a claim against Ted Pruitt ("Defendant") for deliberate indifference in violation of the Eighth Amendment. (ECF Nos. 14, 15.) Defendant filed an answer on November 13, 2018. (ECF No.

1

22.)

On December 11, 2018, Defendant filed a motion to revoke Plaintiff's *in forma pauperis* status and require prepayment of the filing fee. (ECF No. 23.) Plaintiff sought an extension of time to file an opposition which was granted. (ECF Nos. 24, 25.) On January 14, 2019, Plaintiff filed an opposition to the motion to revoke his *in forma pauperis* status. (ECF No. 26.)

## II.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner shall not be entitled to proceed without prepayment of fees where he has, on three or more occasions, filed actions that have been dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted. A prisoner subject to Section 1915(g) cannot bring another action in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet that exception, a plaintiff to show that he is under an ongoing, imminent danger. Andrews v. Cervantes, 493 F.3d 1047, 1056–57 (9th Cir. 2007). "[Q]ualifying prisoners can file their entire complaint [*in forma pauperis*]; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." Andrews, 493 F.3d at 1052. However, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055.

Defendant argues that Plaintiff has on three prior occasions had actions dismissed as frivolous, malicious, or for failure to state a claim. Defendant contends that Plaintiff has filed Carr v. Access Securepak, KTV USA, Inc., No. 00-cv-1100-MMC (N.D. Cal.); Carr v. Torquato, No. 14-cv-2259 H (JLB) (S.D. Cal.); and Carr v. Alcala, No. 1:14-cv-01823-LJO-SAB (PC) (E.D. Cal.) which qualify as strikes under the PLRA.[1]

Plaintiff counters that Carr v. Access Securepak, KTV USA, Inc., No. 00-cv-1100-MMC

---

[1] Defendant requests that the Court take judicial notice of the orders dismissing these cases. Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Defendant's request for judicial notice is granted.

1  (N.D. Cal.), does not qualify as a strike because they were dismissed for lack of jurisdiction and
2  therefore he is entitled to proceed in this action without prepayment of fees.

3  In <u>Carr v. Access Securepak, KTVA USA, Inc.</u>, Plaintiff brought the action claiming that
4  he bought a defective television set and when he attempted to have it repaired he was informed
5  that it was out of warranty. (ECF No. 23-2 at 6.[2]) Plaintiff requested that the Court investigate
6  the fraud and sought monetary damages in an amount of $10,000. (<u>Id.</u>) The Court found that
7  Plaintiff's claim did not state a claim for relief under 42 U.S.C. § 1983 because Plaintiff alleged
8  that he was injured by a private entity so there was no state actor which is an essential element of
9  a 1983 claim. (<u>Id.</u>) The Court also found that diversity jurisdiction did not exist because the
10 damages sought were well below the jurisdictional minimum required by 28 U.S.C. § 1332(a)(1).
11 (<u>Id.</u> at 6-7.) The complaint was dismissed without prejudice to Plaintiff filing an action in state
12 court should he choose to do so. (<u>Id.</u>)

13 In <u>Moore v. Maricopa Cty. Sheriff's Office</u>, 657 F.3d 890 (9th Cir. 2011), the Ninth
14 Circuit considered whether a dismissal for lack of subject matter jurisdiction constitutes a strike
15 for the purpose of section 1915(g). <u>Moore</u>, 657 F.3d at 893. The appellate court found that there
16 is nothing necessarily frivolous or malicious about bringing an action that lacks subject matter
17 jurisdiction because even trained lawyers can have difficulty with understanding federal
18 jurisdiction. <u>Id.</u> It is equally clear that dismissal for lack of jurisdiction is not the same as a
19 dismissal for failure to state a claim. <u>Id.</u> As the three strikes rule does not mention dismissal for
20 lack of subject matter jurisdiction such a dismissal is not a strike under section 1915(g). <u>Id.</u> at
21 894.

22 Since <u>Carr v. Access Securepak, KTVA USA, Inc.</u> was dismissed for lack of subject
23 matter jurisdiction it would not count as a strike under section 1915(g). Therefore, even if the
24 other two cases upon which Defendant relies would count as strikes, Defendant has not shown
25 that Plaintiff has previously filed three actions that have been dismissed as frivolous, malicious,
26 or for the failure to state a claim upon which relief may be granted. See <u>Andrews v. King</u>, 398

---

28 [2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

F.3d 1113, 1116 (9th Cir. 2005) ("when the defendant challenges a prisoner's right to proceed [*in forma pauperis*], the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's [*in forma pauperis* status"). The Court recommends that Defendant's motion to revoke Plaintiff's *in forma pauperis* status be denied.

## III.

## CONCLUSION AND ORDER

Defendant has failed to meet his burden to establish that Plaintiff has previously had three cases that have been dismissed as frivolous, malicious, or for the failure to state a claim upon which relief may be granted.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to revoke Plaintiff's *in forma pauperis* status be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 5, 2019**

UNITED STATES MAGISTRATE JUDGE