UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR,<br><br>    Plaintiff,<br><br>    v.<br><br>TED PRUITT,<br><br>    Defendant. | Case No. 1:17-cv-01769-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE, PURSUANT TO RULE 56(D)<br><br>(ECF Nos. 56, 58) |

Plaintiff Claude Carr is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed on April 17, 2020.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on a claim against Ted Pruitt ("Defendant") for deliberate indifference in violation of the Eighth Amendment. (ECF Nos. 14, 15.) More specifically, Plaintiff alleges that on June 21, 2016, while he was performing his job as a waste manager in the Prison Industry Authority food and beverage shop, supervisor Ted Pruitt compelled Plaintiff to manual lift and stack bags of compacted plastic weighing between 90 to 150 pounds onto pallets without the aid of compacting machinery. Plaintiff performed under threat of discipline and termination. This violated

state and federal guidelines, laws, policies, regulations and practices and procedures for maintaining a safe working environment. As a result, Plaintiff sustained injuries to his back, neck, and genital areas, requiring ongoing medical treatment, and continued severe pain, suffering and discomfort. Defendant filed an answer on November 13, 2018.  (ECF No. 22.)

After an unsuccessful settlement conference, the Court issued an amended discovery and scheduling order on September 4, 2019, setting the discovery deadline of March 23, 2020. (ECF No. 46.)

On March 24, 2020, at Defendant's request, the Court extended the discovery deadline to June 23, 2020, and the dispositive motion deadline to September 2, 2020.  (ECF No. 55.)

As previously stated, on April 17, 2020, Plaintiff filed a motion for summary judgment. (ECF No. 56.)  Defendant filed an opposition on May 11, 2020.  The Court deems the matter submitted and suitable for resolution without the filing of a reply by Plaintiff.

## II.

## DISCUSSION

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion.  See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir.

1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518.

The Ninth Circuit has made clear that in cases involving *pro se* prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:

> Under Rule 56(f) [ (the predecessor to current Rule 56(d)) ], the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.' " Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Harris v. Pate, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. Klingele, 849 F.2d at 412.

Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted and brackets added).

Here, Plaintiff has filed a motion for summary judgment. Defendant contends that further fact discovery is necessary to oppose Plaintiff's motion. Defendant submits that Plaintiff's videoconference deposition was set for March 16, 2020. (ECF No. 58, Ex. A ¶ 9.) However, the Friday before the deposition was set to occur, Defendant received a call from the litigation coordinator at the institution where Plaintiff was housed requesting that the deposition be cancelled. (Id.) The institution did not want the court reporter to enter onto prison grounds due to the potential of spreading the COVID-19 virus. (Id.) Therefore, the deposition was cancelled, and it has not yet been re-set due to the COVID-19 pandemic. (Id.) Defendant indicates that on April 1, 2020, Plaintiff has propounded discovery requests, including requests for interrogatories, set three, and requests for production of documents, set three. The responses are due on or before May 15, 2020.

Defendant sets forth the following information to be identified through discovery: (1) Plaintiff's activities in connection with the alleged injuries; (2) whether other inmates who worked in the shop were available to assist Plaintiff; (3) whether Plaintiff asked for assistance before endeavoring to lift the compacted items; (4) how Plaintiff has concluded the weight of the items he lifted; and (5) the extent of Plaintiff's injuries before lifting the compacted materials.  (ECF No. 58, Ex. A ¶ 17.)  Discovery in this action does not close until June 23, 2020.

Defendant therefore requests a continuance to conduct discovery.  Given the circumstances, the Court finds that Defendant has shown good cause to allow an opportunity to conduct Plaintiff's deposition and conduct further discovery.  See Anderson v. Liberty Lobby Inc.,477 U.S. 242, 250 n.5 (1986); see also Buzayan v. City of Davis, No. 2:06-CV-01576-MCE, 2011 WL 13370466, at *1 (E.D. Cal. July 11, 2011) (delaying motion for partial summary judgment from July 17, 2011 to October 20, 2011 to allow four depositions to be taken); Marti v. Padilla, No. 1:07-CV-0066-JMR, 2011 WL 319621, at *2 (E.D. Cal. Jan. 28, 2011) (granting extension to file response to motion for summary judgment to permit review of forthcoming discovery).  Therefore, because Defendant has not had a sufficient opportunity to discovery information essential to his opposition, Plaintiff's motion for summary judgment should be denied, without prejudice, as premature.

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be denied, without prejudice, as premature pursuant to Federal Rule of Civil Procedure 56(d); and
2. Plaintiff may re-file a renewed motion for summary judgment after the parties have concluded discovery, if he so desires. See Fed. R. Civ. P. 56(d)(1).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991

IT IS SO ORDERED.

Dated:   **May 19, 2020**

_____
UNITED STATES MAGISTRATE JUDGE