UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TED PRUITT,<br><br>　　　　　Defendant. | Case No. 1:17-cv-01769-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 63] |

　　　　Plaintiff Claude Carr is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to compel, filed on June 16, 2020.

**I.**

**RELEVANT BACKGROUND**

　　　　This action is proceeding on a claim against Ted Pruitt ("Defendant") for deliberate indifference in violation of the Eighth Amendment. (ECF Nos. 14, 15.) More specifically, Plaintiff alleges that on June 21, 2016, while he was performing his job as a waste manager in the Prison Industry Authority food and beverage shop, supervisor Ted Pruitt compelled Plaintiff to manual lift and stack bags of compacted plastic weighing between 90 to 150 pounds onto pallets without the aid of compacting machinery. Plaintiff performed under threat of discipline and termination. This violated state and federal guidelines, laws, policies, regulations and practices and procedures for maintaining a

1

safe working environment. As a result, Plaintiff sustained injuries to his back, neck, and genital areas, requiring ongoing medical treatment, and continued severe pain, suffering and discomfort. Defendant filed an answer on November 13, 2018.  (ECF No. 22.)

After an unsuccessful settlement conference, the Court issued an amended discovery and scheduling order on September 4, 2019, setting the discovery deadline of March 23, 2020.  (ECF No. 46.)

On March 24, 2020, at Defendant's request, the Court extended the discovery deadline to June 23, 2020, and the dispositive motion deadline to September 2, 2020.  (ECF No. 55.)

On June 19, 2020, again at Defendant's request, the Court extended the discovery deadline to September 23, 2020, and the dispositive motion deadline to December 2, 2020.  (ECF No. 65.)

As previously stated, on June 16, 2020, Plaintiff filed the instant motion to compel.  (ECF No. 63.)  Defendant filed an opposition on July 8, 2020.  Plaintiff did not file a reply and the time to do so has expired.  Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 30.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012)

(noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

///

3

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

Plaintiff moves to compel responses to his requests for production of documents, set three, numbers 5 and 6.

Defendant submits that he first received Plaintiff's request for production of documents, set three, as an attachment to a letter sent by Plaintiff on June 1, 2020. (Declaration of Kelli Hammond (Hammond Decl.) ¶¶ 9-12.) Defendant argues Plaintiff's motion is moot because responses were served on June 30, 2020. (Hammond Decl. ¶ 14.) The Court agrees.

Defense counsel declares, under penalty of perjury, that the first time she became aware of the request for production of documents, set three, was by Plaintiff's June 1, 2020 letter, and there is no record of receiving such request in the office's computer system. (Hammond Decl. ¶ 11.) Plaintiff's instant motion filed on June 16, 2020 has been rendered moot by Defendant's responses to Plaintiff's request for production of documents, set three, numbers 5 and 6 on June 30, 2020. Defendant submits that he responded to Plaintiff's requests for production of documents, set three, "by advising Plaintiff that documents responsive to his requests were previously provided to him. And, Defendant Pruitt also provided another set of documents responsive to Plaintiff's Request for Production, No. 6." (Opp'n at 3.) There is no evidence demonstrating an intentional or purposeful delay in providing responses to Plaintiff. Thus, at this time, the Court finds that Plaintiff has received the discovery responses and his motion to compel is no longer necessary. Accordingly, Plaintiff's motion to compel shall be denied as moot.

///

///

///

4

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel filed on June 16, 2020, is denied as moot.

IT IS SO ORDERED.

Dated: __July 20, 2020__

UNITED STATES MAGISTRATE JUDGE