# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR, | Case No. 1:17-cv-01769-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| TED PRUITT, | |
| Defendant. | (ECF No. 87) |

Plaintiff Claude Carr is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on 21, 2021. Defendant has not yet had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff seeks appointment of counsel because he is indigent, is imprisonment, has limited access to the law library, limited knowledge of the law, and a trial will likely involve conflicting testimony.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

1

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited access to the law library almost daily. Many of these prisoners also have cases involving credibility issues. Furthermore, although the undersigned has recommended that both Defendant's and Plaintiff's motions for summary judgment be denied, this does not mean that Plaintiff is entitled to appointment of counsel for purposes of participation in a jury trial. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff is free to continue communicating with any potential attorneys to see if they are willing to represent him in this matter. Finally, the Court notes that if Plaintiff has limited access to the law library, he may seek appropriate extensions of time for any applicable deadlines. Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:  **June 29, 2021**

UNITED STATES MAGISTRATE JUDGE

2