UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDE CARR,<br><br>             Plaintiff,<br><br>     v.<br><br>TED PRUITT,<br><br>             Defendant. | No. 1:17-cv-01769-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 74, 78, 86) |

Plaintiff Claude Carr is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 2, 2021, the assigned magistrate judge issued findings and recommendations recommending that both plaintiff's and defendant's pending motions for summary judgment be denied.  (Doc. No. 86.)  The findings and recommendations served on plaintiff contained notice that any objections were to be filed within thirty (30) days.  (*Id.*)  On June 21, 2021, plaintiff's objections were docketed, and on July 6, 2021 defendant filed a reply thereto.  (Doc. Nos. 88, 90.)

As outlined in the pending findings and recommendations, plaintiff's motion for summary judgment was denied because the assigned magistrate judge determined there remained genuine disputes of material fact regarding whether defendant Pruitt personally participated in the alleged constitutional violation or whether he had knowledge of the alleged safety risks associated with

1

plaintiff's job as a waste manager. (Doc. No. 86 at 7.) In his opposition, plaintiff argues that defendant Pruitt must have been aware of those safety risks because he was plaintiff's supervisor, and was the individual to whom plaintiff had directed his concerns regarding the weight of the waste bags he was required to lift. (Doc. No. 88 at 1–2.) Plaintiff also relies on citations to defendant's declaration as in attempt to show no genuine dispute of material fact exists. (*Id*.) In reply, defendant counters that plaintiff misrepresents both the legal standard applicable to motions for summary judgment and defendant's prior arguments in opposition to plaintiffs motion, and finally, defendant repeats the facts which he contends establish the existence of a dispute as to whether he had knowledge of any alleged safety risks to plaintiff. (Doc. No. 90 at 2–4.)

The undersigned agrees with the magistrate judge's determination that a genuine dispute of material fact exists as to defendant Pruitt's knowledge of any alleged safety risks. Plaintiff's objections provide no basis upon which to reject the pending findings and recommendations because they merely recount the evidence submitted in support of his motion and do not address the evidence upon which defendant has relied. Both parties have presented evidence which disputes the other's position. Accordingly, summary judgment cannot be entered in favor of either party.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections and defendant's reply, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The June 2, 2021 findings and recommendations (Doc. No. 86) are adopted in full; and
2. Plaintiff's motion for summary judgment (Doc. No. 74) is denied;
3. Defendant's motion for summary judgment (Doc. No. 78) is denied; and

/////
/////
/////

4. The matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **July 19, 2021**

_____
UNITED STATES DISTRICT JUDGE